DECISION
On May 3, 2006, Defendant Dwayne Thibodeau was charged with the crime of kidnapping and arraigned in the Rhode Island District Court. (Case Number 62-2006-8261.) The District Court set bail; Mr. Thibodeau posted that bail, and then was released on bail.
Later that month, Mr. Thibodeau was alleged to have violated the terms of his bail. Upon his appearance, the Court granted him bail once again, adding more conditions to the terms of his bail.
On October 4, 2006, Mr. Thibodeau was indicted by the Providence County Grand Jury in the instant action. At his arraignment, the Court continued the issue of bail with Mr. Thibodeau's consent. The parties have briefed the issue and the matter is now before the Court today.
Mr. Thibodeau claims that he cannot be held without bail, as the District Court found him to be entitled to bail. The record of the District Court proceedings is scant,[1] but this Court is hard-pressed to label what transpired as a "bail hearing" pursuant to the
Court rules and case precedent. No witnesses were called, and no arguments were raised. Instead, a police officer[2] read the charge.
The State contends that the Grand Jury indicted Mr. Thibodeau on a new charge, hence the pending charge was never considered by the District Court. A more extensive review of the charges is therefore necessary.
The District Court Complaint, while containing the phrase "kidnap a juvenile" in the text of the charge, also lists the statute violated as RIGL § 11-26-1. In fact, 11-26-1 is listed three separate times on the Complaint and no other statute is referenced.
 Kidnapping — Whoever, without authority, forcibly or secretly confines or imprisons another person within this State against his or her will, or forceably carries or sends another person out of this State, or forceably seizes or confines or inveigles or kidnaps another person with intent either to cause him or her to be secretly confined or imprisoned within the State against his or her will or to cause him or her to be sent out of the State against his or her will, shall be guilty of a felony and, upon conviction, shall be punished by imprisonment for not more than twenty (20) years. RIGL § 11-26-1(a).
As the maximum penalty imposed by law is imprisonment for twenty (20) years, it is not a capital crime. Accordingly, Mr. Thibodeau may have a right to bail for this particular kidnapping statute. Mr. Thibodeau claims he was charged with another statute at the District Court. He was not. RIGL § 11-26-1 is the statute referenced in the District Court Complaint, and before the District Court.
The Indictment resulting from the Grand Jury's true bill reads quite differently. It charges Mr. Thibodeau with violation of is RIGL §11-26-1.4, kidnapping of a minor. This is separate statute, distinct from the charge contained in the original District Court Complaint.
 Kidnapping of a Minor — Whoever, without lawful authority, forcibly or secretly confines or imprisons any child under the age of sixteen (16) years within this State against the child's will, or forcibly carries or sends the child out of the State, or forcibly seizes, confines, inveigles, or kidnaps the child with intent either to cause the child to be secretly confined or imprisoned within the State against his or her will, or with the intent of sexually assaulting or molesting the child as defined in chapter 37 of this title, or with the intent to abuse the child as defined in chapter 9 of this title, shall be guilty of a felony and, upon conviction, shall be punished by imprisonment for life or for any term not less than twenty (20) years. However nothing contained in this section shall be deemed to make the reasonable lawful acts of a parent in caring for his or her child a violation of this section. RIGL § 11-26-1.4.
While kidnapping may have been an acceptable charge at the outset, the Grand Jury selected a more specific charge. The Kidnapping of a Minor Statute has different elements and a different penalty range. The new charge carries a higher maximum
penalty, subjecting Mr. Thibodeau to the potential of life imprisonment. As it is a capital charge, it allows a defendant to be held without bail pursuant to the provisions of the Rhode Island Constitution. Art. I, Section 9 of the Rhode Island Constitution states
 All persons imprisoned ought to be bailed by sufficient surety, in less for offenses punishable by imprisonment for life, or for offenses involving the use or threat of a dangerous weapon by one already convicted of such an offense or already convicted by an offense punishable by imprisonment for life, or for offenses involving the unlawful sale, distribution, manufacture, delivery, or possession with intent to manufacture, sell, distribute or deliver any controlled substance or by possession of a controlled substance punishable by imprisonment for ten (10) years or more, when the proof of guilt is evident or the presumption great. . . .
See also Fontaine v. Mullen, 117 RI 262, 366 A.2d 1138, 1141 (1976) which holds "that bail may be denied in cases where death or life imprisonment could possibly be imposed as penalties."
At the District Court level, the State did not request that Mr. Thibodeau be held without bail. In fact, Mr. Thibodeau was not charged with a crime for which he could be held without bail. The likelihood of a denial of bail was not reached until he was charged with a separate crime by the Providence County Grand Jury. It is at this point, and only this point, when the threshold of Art. I, Section 9 is reached. Therefore, the State is within its prerogative to request that Mr. Thibodeau be held without bail on the new charge, and the bail hearing is appropriately before the Court. This matter shall be set down for a bail hearing within 48 hours.
[1] A copy of the District Court Complaint is attached to the Memorandum of the State. A copy of the tape-recorded proceedings of the District Court was submitted by Mr. Thibodeau. The Court orders the tape to be included in the Court file herein.
[2] This Court is reluctant to use the term "prosecutor" as this title is normally preserved for schooled and licensed attorneys. Query: If the police did police work and attorneys did attorneys' work, whether the State would be placed in this controversy.